d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **BRENDA DIAZ-ORTEGA, Petitioner** | **CIVIL ACTION NO. 1:19-CV-670-P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **GEORGE H. LUND, III, ET AL., Respondents** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

## MEMORANDUM ORDER

Before the Court is a Motion to Expedite and for an Order to Show Cause (Doc. 4) filed by counsel on behalf of Petitioner Brenda Diaz-Ortega ("Diaz-Ortega"). Diaz-Ortega is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement ("DHS/ICE"). She is being detained at the LaSalle Detention Facility in Jena, Louisiana.

The specific relief Diaz-Ortega seeks – the return of a writ or a "show cause order" within three days under 28 U.S.C. § 2243 – is not required, or reasonable, in this case. However, given the circumstances at issue here, Diaz-Ortega is entitled to some form of expedited consideration.

Therefore, the Motion to Expedite and for an Order to Show Cause (Doc. 4) is GRANTED IN PART to the extent it generally seeks expedited relief and a "show cause" (or evidentiary) hearing, but DENIED IN PART to the extent it seeks the issuance of a writ of habeas corpus, or any other relief within three days. As detailed below, the Court will receive briefs and evidence from the parties, and will conduct an evidentiary hearing, on an expedited basis.

## I. Background

Diaz-Ortega filed a § 2241 Petition (Doc. 1) and a Motion to Expedite and for an Order to Show Cause (Doc. 4). Diaz-Ortega argues that, under § 2243, a court considering a petition for a writ of habeas corpus must issue the writ, or an order directing the respondent to show cause why the writ should not be issued, within three days. (Doc. 4, p. 2).

## II. Law and Analysis

Section 2243 provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

However, it is well-settled that the strict time limit prescribed by § 2243 is "subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases," which are applicable to petitions filed under § 2241. Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-CV-00544 SEC P, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018) (Hanna, M.J.).[1] Under Rule 4, a court may "order the respondent to file an answer, motion, or other response within a fixed time,

---

[1]Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. See Hickey v. Adler, 2008 WL 3835764, *2 (E.D. Cal. 2008); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F. Supp. 348 (S.D.W. Va. 1997).

or to take other action the judge may order." Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (discretion accorded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of § 2243); Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a § 2241 habeas petition); see also Maniar, 2018 WL 4869383, at *1; McMullen v. Caldwell, 2015 WL 1976402 (M.D. Ga. 2015); Hendon v. Burton, 2014 WL 8186698 (E.D. Mich. 2014); Oliphant v. Quiros, 2010 WL 2011026 (D. Conn. 2010); Hickey v. Adler, 1:08-cv-826, 2008 WL 3835764 (E.D. Cal. 2008) (allowing 60 days to respond to a § 2241 petition).

Here, a three-day time limitation is neither mandatory nor prudent. Rather – under these particular circumstances – an alternative procedure is warranted.

Respondents should be allowed a response. "[A]llowing Respondent[s] time to answer [the] Petition – and conduct[] a full review of all available and pertinent evidence – is warranted, commonplace [in this Court[2] and others], and reasonable under Rule 4." Romero v. Cole, No. 1:16-cv-148, 2016 WL2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016), report and recommendation adopted, 2016 WL 2844013 (W.D. La. May 12, 2016). But the Court's ordinary briefing delays would require summary judgment-style submissions from the parties over a 90-day period. And that 90-day period would, of course, be subject to possible extensions.

Here, according to Petitioner, this case involves, among other somewhat atypical issues: (1) an extended period of post-removal-order detention; (2) extended

[2] Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-cv-544, 2018 WL 4869383 (W.D. La. May 2, 2018); Romero v. Cole, 1:16-cv-00148, 2016 WL 2893709 (W.D. La. Apr. 13, 2016), report and recommendation adopted, 1:16-cv-00148, 2016 WL 2844013 (W.D. La. May 12, 2016).

pendency periods for administrative motions, and; (3) an active stay of Petitioner's removal issued during the pendency of an important administrative motion. Thus – and again, under these particular circumstances – Petitioner is entitled to at least some expedition of the Court's ordinary briefing delays. And for the same reasons, the Court finds that an evidentiary hearing is necessary for the adjudication of the Petition (Doc. 1) under 28 U.S.C. § 2241.

## III. Conclusion

Accordingly, IT IS ORDERED that the Motion to Expedite and for an Order to Show Cause (Doc. 4) filed by Petitioner Diaz-Ortega, is hereby GRANTED IN PART AND DENIED IN PART, as specified below.

THE CLERK OF COURT IS DIRECTED to serve, by certified mail and as soon as practicable, a copy of the summons (Doc. 3), a copy of the Petition (Doc. 1), a copy of this Order, and a copy of the *Writ of Habeas Corpus Ad Testificandum* referenced below, on the United States through the United States Attorney for the Western District of Louisiana, the United States Attorney General, DHS/ICE through its Director, and the Warden of the LaSalle Detention Facility in Jena, Louisiana.

IT IS FURTHER ORDERED that, on or before Friday, July 19, 2019, Respondents shall file a brief, with all available evidence appended, addressing the following issues:

(1) whether the Petition (Doc. 1) is timely and/or ripe for decision given the alleged stay of Petitioner's removal issued by the Board of Immigration Appeals ("BIA");

(2) whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or whether Petitioner's continued detention is otherwise lawful, including any factual developments about, and any legal implications of, the stay of Petitioner's removal;

(3) the length of time that Petitioner has been in post-removal-order custody;

(4) details regarding any removal order, motion to reopen, stay of removal, or other order applicable to Petitioner's custodial or immigration status;

(5) any administrative decisions relating to Petitioner's request for bond, stay of removal, reopening, expedited relief, or other relief;

(6) all documents addressing efforts made to obtain travel documents for Petitioner, and any response thereto or result thereof; and

(7) any other issue raised in the Petition (Doc. 1).

IT IS FURTHER ORDERED that, on or before Wednesday, July 24, 2019, Petitioner shall file a brief, with all available evidence appended, addressing the same issues.

IT IS FURTHER ORDERED that the evidentiary hearing will be held on Monday, July 29, 2019, beginning at 9:30 a.m., at the United States Court House, 515 Murray Street, Alexandria, Louisiana, 71301. The hearing will be a complete – and absent good cause, final – presentation of all witnesses and evidence to be presented in this case pertaining to the numbered issues above.

- Copies of all exhibits that can be reproduced, a list of all exhibits that cannot be reproduced, and a list of witnesses, shall be provided by each party to the other no later than Wednesday, July 24, 2019. If the authenticity of any exhibit is disputed, the exhibit and nature of that dispute shall also be disclosed on the exhibit lists by each party to the other no later than Friday, July 26, 2019.
- No exhibit or witness (except those used for impeachment purposes) shall be presented at the hearing over objection unless so disclosed or listed, except for good cause shown. A party may call a witness listed by another party, but a party cannot rely on another party to have a particular witness at the hearing. Rule 45 of the Federal Rules of Civil Procedure applies to the subpoenaing of witnesses or documentary evidence for the hearing.

IT IS FURTHER ORDERED that, as soon as practicable, the Clerk of Court shall issue a *Writ of Habeas Corpus Ad Testificandum* to the Warden of the LaSalle Detention Facility in Jena, Louisiana, requiring that Petitioner, Brenda Diaz-Ortega, be transported to, and held in custody at, the United States Court House, 515 Murray Street, Alexandria, Louisiana, 71301, on Monday, July 29, 2019, from 9:30 a.m. until the undersigned adjourns the hearing.

THE UNITED STATES MARSHALS SERVICE IS DIRECTED to assist with, or arrange for, the transportation of Petitioner to this Court as soon as practicable, to produce Petitioner before the undersigned on Monday, July 29, 2019 at 9:30 a.m.,

and to maintain custody of Petitioner throughout the hearing, up to and including, if necessary, the return of Petitioner to the LaSalle Detention Facility in Jena, Louisiana following the conclusion of the hearing.

Finally, THE CLERK OF COURT IS DIRECTED to make arrangements for the presence of a court reporter at the hearing.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 28th day of June, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge